UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 2:20-CR-00012-001 |
| Plaintiff, | : | CHIEF JUDGE MARBLEY |
| v. | : | |
| CODY N. BEASLEY, | : | |
| Defendant. | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its undersigned counsel, respectfully submits this memorandum for the sentencing of Defendant Cody N. Beasley ("Defendant" or "Beasley"). The United States concurred with Mr. Beasley's objections to the Presentence Investigation Report and recommends that the Court find that Mr. Beasley's total adjusted offense level is 18 with a criminal history category of III, for a resultant guideline range of 33-41 months. The government recommends that the Court sentence Mr. Beasley to a term of imprisonment of 12 months and one day, at least three years of supervised release, restitution as calculated by the Probation Department, and a special assessment fee of $300. The requested sentence is beneath the guideline range recommended by the Probation Department but remains sufficient to satisfy the goals of sentencing and is not overly punitive.

### I. Factual Background

From on or about July 2019 to November 2019, Cody Beasley and his co-conspirators were involved in a conspiracy to use United States Postal Service keys to steal mail from collections boxes in the Columbus, Ohio area. Once they had the stolen mail, Beasley and his co-conspirators altered checks, deposited them into financial institutions insured by the Federal Deposit Insurance

Corporation via automatic teller machines (ATMs) or online mobile deposits, and acquired apartment leases and purchased vehicles with funds obtained as a result of these deposits. Beasley and co-conspirators also solicited assistance from other individuals who allowed them to deposit the fraudulently altered checks into their bank accounts in return for a portion of the money.

On or about August 30, 2019, Columbus Police Officers initiated a traffic stop on a vehicle which was being driven by Beasley. Beasley was arrested for driving without a valid driver's license. Officers observed two bowls in plain view which contained a purple liquid and United States currency notes which appeared to be in the counterfeiting process. Officers and detectives conducted an inventory of the vehicle and located several bank checks and credit cards belonging to various individuals. Detectives later verified at least some of the checks had been stolen from the U.S. Mail.

On or about October 9, 2019, **Beasley**, his minor girlfriend, and another minor, were in a vehicle stopped by Westerville Police. During an investigation, Officers recovered items from the vehicle including a check reported stolen from the U.S. Mail, marijuana, and 10 United States currency notes that were discolored and wet and appeared to be in the counterfeiting process. On or about November 4, 2019, Beasley posted on what Whitehall Police Detectives discovered as Beasley's Instagram page. The "posts" were photos of three different bank receipts showing their balance and stated, "GET WIT ME, AINT GONE SAY MUCH."

On November 6, 2019, law enforcement officers arrested Beasley and seized at least 230 stolen checks and money orders from his vehicle. A detective had observed Beasley's girlfriend drive him to a parking lot near the U.S. Bank located at 946 S. Hamilton Rd., Columbus, OH 43213. Beasley ran to the U.S. Bank ATM, appeared to make a financial transaction, and ran back to the vehicle. Since Beasley had active warrants from the Whitehall and Westerville Police

Departments, the vehicle was stopped by Whitehall Police Officers and they arrested Beasley. Searches of homes connected to Beasley resulted in the discovery of at least 500 additional stolen checks and money orders as approximately $21,000 in currency. United States Postal Inspection Services agents learned that Beasley joined the conspiracy after being introduced to it by co-defendant Jordan McCorvey, who continued to fraudulently negotiate stolen checks and money orders after his release from a Bureau of Prisons facility on similar offenses.

Beasley, McCorvey, and their co-conspirators' theft of U.S. mail and deposit of fraudulently altered checks involved 23 financial institutions and 44 individual victims. The Probation Department calculated a total amount of loss exceeding $248.978.51 with an intended loss of $909,787.07. The Probation Department recommends holding Beasley accountable for an actual loss of $35,274.39 and an intended loss of $380,585.66.

On or about November 18, 2020, Beasley agreed via plea agreement to plead guilty to Conspiracy to Commit Bank Fraud, Bank Fraud, and Possession of Stolen Mail in violation of 18 U.S.C. §§ 1349, 1344, and 1708. Furthermore, Beasley admitted his guilt under oath on January 15, 2021.

## II. Sentencing Guidelines Calculation

In imposing a sentence, the Court must account for each of the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 261 (2005). As stated in Section 3553(a)(4), the Court must determine and consider the sentencing range established by the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The Presentence Investigation Report ("PSR") grouped the counts of conspiracy to commit bank fraud, possession of stolen mail, and bank fraud. The PSR then calculated for the general offense guideline, a base offense level of **7**, pursuant to U.S.S.G. §§ 2X1.1 and 2B1.1(a); an intended loss amount of $380,585.66 for the

amount of the stolen checks involved in the conspiracy attributable to Beasley, which corresponds to a **12**-level increase, pursuant to U.S.S.G. § 2B1.1(b)(1)(G); and a **2**-level increase for ten or more victims pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i). This amounts to an adjusted offense level of **21**. With the application of a **3**-level decrease for Beasley's acceptance of responsibility, the resultant total offense level is **18**. If the Court adopts the parties' calculations and the objections to the PSR, Mr. Beasley's criminal history category is III and the overarching guideline range is 33-41 months.

### III. The Proper Sentence – 12 Months and 1 Day

Once the Court has properly calculated the guideline range, the Court must next consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the categories of offenses by the Sentencing Commission; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

In a standard analysis, no unusual circumstances exist which warrant an exception to the preference for guideline sentencing. Section 3553(a)(4)-(5) specifically directs the Court to consider the applicable guidelines, and Section 3553(a)(6) commands that the Court strive to avoid disparity in sentencing, which, as explained above, is best accomplished through faithful application of the guidelines. The other 3553(a) factors also point to this conclusion.

*The Nature and Circumstances of the Offense.* The nature and circumstances of this case, as set forth above, necessitate a sentence of imprisonment. Defendant knowingly participated in an ongoing scheme to fraudulently cash hundreds of checks stolen from the mail. His conduct continued even after he was encountered by law enforcement officers in a vehicle with stolen checks.

*The History and Characteristics of the Defendant.* Certainly, the Court must also consider Beasley's history and characteristics. While Beasley lacked the presence of his father, he has had steadfast support from his mother, grandmother, and other adults. Mr. Beasley's youth has been marked by his repeated criminal offenses which have continued, largely unabated. The commission of this offense at only 18 years old and the introduction to the criminal activity by an older co-conspirator are significant factors that weigh heavily in the government's recommendation of a below-guidelines sentence.

*To Reflect the Seriousness of the Offense, To Promote Respect for the Law, and to Provide Just Punishment for the Offense.* A sentence of 12 months and one day imprisonment appropriately punishes Beasley for causing extensive harm to the numerous individuals and financial institutions affected while avoiding a probationary sentence that might send the message that significant federal offenses and harm to victims don't result in significant punishment.

*The Need to Afford Adequate Deterrence to Criminal Conduct.* The Court must also consider the need for the sentence imposed "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Here, the Government respectfully submits that a 12 month and one day term of imprisonment followed by a term of supervised release of at least three years is sufficient to serve this purpose. The deterrent message and effect of the sentence imposed by the

Court in this case will resonate significantly with other potential fraudsters that there are serious consequences for those who violate federal law.

*The Need to Provide Restitution.*  Finally, there is a need to provide restitution in this case as determined by the Probation Department and the Court to attempt to make all victims whole. Here, the Probation Department recommends $35,173.29 in restitution.

### IV.  Conclusion

For the reasons set forth above, the United States respectfully recommends that the Court sentence Mr. Beasley to concurrent sentences of imprisonment of 12 months and one day, followed by at least three years of supervised release, and ordered to pay $35,173.29 restitution. The Government submits that this sentence is sufficient but not greater than necessary to satisfy the statutory purposes set forth in 18 U.S.C. § 3553(a).

    Respectfully submitted,

    VIPAL J. PATEL
    Acting United States Attorney

    s/ Jonathan J.C. Grey
    JONATHAN J.C. GREY
    (IL Bar No. 6292918)
    Assistant United States Attorney
    303 Marconi Boulevard, Suite 200
    Columbus, Ohio 43215
    Office: (614) 469-5715
    Fax: (614) 469-5653
    E-mail: Jonathan.Grey@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Government's Sentencing Memorandum* was electronically served via CM/ECF upon all counsel of record on August 5, 2021.

> *s/ Jonathan J.C. Grey*
> Jonathan J.C. Grey
> Assistant United States Attorney